**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| DENISE WATTS | * | |
| | * | |
| | * | |
| v. | * | Civil No. – JFM-12-2172 |
| | * | |
| MONTGOMERY COUNTY, MD | * | |
| | ****** | |

**MEMORANDUM**

Plaintiff has instituted this action asserting claims for violation of her due process rights under the Fourteenth Amendment, wrongful termination, violation of her right to payment for overtime under Maryland law, and libel and slander. The claims arise from the termination of her employment. Defendants have filed a motion to dismiss or for summary judgment. The motion will be granted.

I.

The relevant facts may be very briefly stated. Plaintiff was responsible for managing vehicles for the Montgomery County Department of Health and Human Services. The director of the Department issued a statement of charges against plaintiff, charging her with theft, misuse, or misappropriation of county property and making a false statement or report in connection with her repeated unauthorized use and fueling of a vehicle belonging to Montgomery County for a period of 99 days, spanning from January 13, 2012 to May 31, 2011.

In accordance with applicable law, in response to the charge, plaintiff elected to be represented by her union and requested the County to send a copy of the statement of charges to her union. The union requested a pre-discipline settlement conference on plaintiff's behalf, and on July 20, 2011, the parties participated in a settlement conference. A settlement was reached.

Under the terms of the settlement plaintiff admitted that she had stolen, misused, or misappropriated County property. She agreed that she would be dismissed effective October 1, 2011. The County agreed that it would allow plaintiff to use her accumulated, available leave from July 21, 2011 to October 1, 2011 (a period exceeding ten weeks).

II.

Plaintiff's constitutional claim is based on the allegation that the settlement conference did not meet basic requirements for fairness, including adequate discovery, transcript of the proceedings, opportunity to be represented by legal counsel, and a written decision that permitted a limited form of judicial review. Fatal to that claim is the fact that plaintiff was not required to participate in the settlement conference, and she was not required to accept the settlement that was proposed to her. If she had wanted, she could have opted to defend against the charge against her, pursue the grievance procedure under her union's collective bargaining agreement or directly appeal to the Merit System Protection Board. Likewise, after having participated in the settlement process, she could have rejected the settlement. In other words, plaintiff's participation in the settlement process – and her acceptance of the terms of the settlement, were entirely voluntary, and her constitutional rights were not violated in any way.[1]

III.

Plaintiff's state law claims for wrongful termination and libel and slander fail because she did not provide timely notice under the Local Government Tort Claims Act. Plaintiff contends that her claims are unliquidated and that therefore she did not have to comply with the Local Government Tort Claims Act. That argument is clearly lacking in merit because a factfinder

---

[1] Plaintiff relies upon the principle, recently affirmed by the Maryland Court of Special Appeals in *The Washington Redskins v. Tupa*, CoA No. 29, Sept. Term 2011, Decided Aug. 22, 2012, that "Maryland law bars a contractual waiver of rights to which the employee otherwise would be entitled." That principle simply does not apply here. Nothing under Maryland law prevents a plaintiff from entering into a settlement of a dispute rather than litigating the merits of the case dispute.

would have to determine that amount of damages to which plaintiff is entitled.  Her recovery of damages was not a "mere mathematical calculation from ascertained data in the case," as required for them to fall within the category of "unliquidated."  *See Cotham v. Board of County Comm'rs*, 260 Md. 556, 567, 273 A.2d 115 (1971) quoting the definition of unliquidated damages from *Black's Law Dictionary*, (4th ed. 1951).

In any event, plaintiff's claims for wrongful termination and libel and slander are without merit.  In the settlement agreement into which she entered, plaintiff admitted stealing, misusing, or misappropriating County property, and her termination therefore was clearly for good cause.  As to the libel and slander claim, plaintiff contends that publication of the charges against her was made up the chain of command.  Clearly, the communication of the charges to her supervisor were subject to the defense of qualified immunity, and plaintiff has alleged no facts, as would be required, to demonstrate that the privilege was defeated because the publication was made with malice.  *See Exxon Corp. v. Schoene*, 67 Md. App. 412, 421-22, 508 A.2d 142 (Md. App. 1986).

IV.

In a surreply memorandum plaintiff concedes that she has no claim for the payment of overtime wages under state law.  She asserts, however, that she does have such a claim under the federal Fair Labor Standards Act.

Plaintiff has asserted no claim in her complaint under the FLSA.  Moreover, she has not alleged any specific facts that would give rise to an FLSA claim.  If she desires to pursue such a claim, she should file a new action setting forth the facts that she believes entitles her to relief.

Date:   October 10, 2012            _____/s/_____
                                    J. Frederick Motz
                                    United States District Judge